WALLACE J. WHITE AND SANDRA J. WHITE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 27857-89.          Filed August 30, 1990.

*James F. Hart,* for the petitioners.
*Jeffrey I. Rosenberg* and *Thomas F. Eagan,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to section 6621(c). (Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1984 and all Rule references are to the Tax Court Rules of Practice and Procedure.) Section 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, repealed section 6621(c) effective for returns with a due date (determined without regard to extensions) after December 31, 1989.)

On April 5, 1988, respondent issued a Notice of Final Partnership Administrative Adjustment (the FPAA) to the tax matters partner of Accounting Associates partnership (the tax matters partner) determining adjustments to the 1984 Accounting Associates partnership return. On April 5, 1988, respondent mailed a copy of the FPAA to petitioners as notice partners.

No petition was filed by either the tax matters partner, within the 90-day period provided in section 6226(a), or any of the partnership's notice partners within the 60-day period provided in section 6226(b)(1). Thereafter, respondent assessed the deficiency in tax resulting from the partnership adjustments against petitioners as a computational adjustment. See *Saso v. Commissioner,* 93 T.C. 730, 734 (1989); sec. 6225(c).

By statutory notice of deficiency dated August 17, 1989, respondent determined that petitioners are liable for additional interest under section 6621(c) for 1984. Respondent also determined that petitioners are liable for the following additions to tax for 1984:

*Additions to Tax*

| Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
|---|---|---|---|
| $72.10 | $409.80 | [1] | $2,337.90 |

[1] 50% of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to negligence

On November 20, 1989, petitioners timely filed a petition for redetermination of the additional interest under section 6621(c) (hereinafter additional interest) and the additions to tax set forth in respondent's notice of deficiency. On March

30, 1990, respondent filed a motion to dismiss for lack of jurisdiction as to section 6621(c) and a memorandum in support thereof. On April 30, 1990, petitioners filed an objection to motion to dismiss for lack of jurisdiction as to section 6621(c). The issue for decision is whether this Court has jurisdiction to determine whether petitioners are liable for additional interest.

Petitioners assert that this Court has jurisdiction over additional interest because (1) additional interest is a deficiency and this Court may redetermine deficiencies; and (2) section 6621(c)(4) authorizes this Court to determine whether additional interest applies. Respondent contends that this Court lacks jurisdiction over additional interest because (1) additional interest is not a "deficiency" attributable to an affected item; and (2) section 6621(c)(4) does not, in the present case, allow this Court to determine whether additional interest applies.

For purposes of clarity, we will separately determine whether (1) additional interest is a deficiency attributable to an affected item; and (2) section 6621(c)(4) gives this Court jurisdiction over additional interest.

## Affected Item Jurisdiction

An "affected item" is "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). Additional interest is an affected item under section 6231(a)(5). *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 745 (1987).

Affected items are of two types. The first type of affected item is a computational adjustment made to reflect the change in a partner's tax liability resulting from partnership level adjustments. *N.C.F. Energy Partners v. Commissioner, supra* at 744; sec. 6231(a)(6). Respondent may assess a computational adjustment against a partner without issuing a notice of deficiency once the partnership proceeding is completed. Sec. 6230(a)(1); *N.C.F. Energy Partners v. Commissioner, supra* at 744.

The second type of affected item requires determinations to be made at the partner level. *N.C.F. Energy Partners v. Commissioner, supra* at 744. Once the partnership proceeding is completed, respondent may issue, in some circum-

stances, a notice of deficiency to a partner for additional deficiencies attributable to an affected item requiring partner level determinations. Sec. 6230(a)(2)(A)(i); *N.C.F. Energy Partners v. Commissioner, supra* at 744.

In *N.C.F. Energy Partners v. Commissioner, supra* at 746, we stated that "Section 6621(c)'s applicability also turns on the amount of the taxpayer's underpayment attributable to a tax-motivated transaction." Thus, additional interest is an affected item which requires a partner level determination. *N.C.F. Energy Partners v. Commissioner, supra* at 745.

Respondent contends that the deficiency procedures only apply to a "*deficiency* attributable to affected items which require partner level determinations" under section 6230(a)(2)(A)(i) and additional interest is not a "deficiency." (Emphasis added.) Petitioners, however, assert that additional interest "constitutes a deficiency under the Internal Revenue laws" and the Tax Court may determine whether petitioners are liable for deficiencies. We agree with respondent.

Section 6230(a) provides in pertinent part:

SEC. 6230(a). COORDINATION WITH DEFICIENCY PROCEEDINGS.—

(1) In General.—Except as provided in paragraph (2), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.

(2) DEFICIENCY PROCEEDINGS TO APPLY IN CERTAIN CASES.—

(A) *Subchapter B shall apply to any deficiency attributable to—*

(i) *affected items which require partner level determinations* * * * [Emphasis added.]

Subchapter B of chapter 63 sets forth the deficiency procedures in the case of income, estate, gift, and certain excise taxes. Section 6213(a) of subchapter B authorizes the Tax Court to redetermine a deficiency provided a timely petition is filed. (Hereinafter subchapter B of chapter 63 will be referred to as the deficiency procedures.)

The deficiency procedures do not apply to the assessment or collection of any computational adjustment under section 6230(a)(1). However, the deficiency procedures do apply to "any *deficiency* attributable to affected items which require partner level determinations" under section 6230(a)(2)(A)(i). (Emphasis added.)

Section 6211(a) provides in pertinent part:

For purposes of this title * * * the term "deficiency" means the amount by which the tax imposed * * * exceeds the excess of—
>    (1) the sum of
>        (A) the amount shown as the tax by the taxpayer upon his return * * * plus
>        (B) the amounts previously assessed * * * as a deficiency, over—
>    (2) the amount of rebates * * * made.

In general, the term "deficiency" is defined as the amount by which the tax imposed exceeds the sum of the amount of tax shown on the return and the amount of tax previously assessed over any rebates.

Respondent contends that section 6601(e)(1) excludes interest from the definition of a "tax" imposed under section 6211(a) and, thus, additional interest is not a "deficiency." We agree.

Section 6601(e)(1) provides as follows:

> (1) INTEREST TREATED AS TAX.—Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (*except subchapter B of chapter 63, relating to deficiency procedures*) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax. [Emphasis added.]

Interest prescribed by section 6601 is treated as a tax "except [for purposes of] subchapter B of chapter 63, relating to deficiency procedures." This parenthetical language expressly excludes interest from the definition of a "tax" for purposes of section 6211(a) and, thus, interest is not a deficiency. In this regard, it is well established that this Court generally lacks jurisdiction to redetermine interest. *Transport Manufacturing & Equipment Co. v. Commissioner*, 434 F.2d 373, 381 (8th Cir. 1970); *Commissioner v. Kilpatrick's Estate*, 140 F.2d 887 (6th Cir. 1944).

Section 6601(e)(1) only applies to interest prescribed under section 6601. Section 6601(a) imposes interest on taxes not paid on or before the last date for payment at the underpayment rate established in section 6621. The underpayment rate is contained in section 6621(a). Section 6621(c)(1), however, provides:

> (1) IN GENERAL.—In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the annual rate of interest established under this

section shall be 120 percent of the underpayment rate established under this subsection.

Section 6621(c)(1) increases the rate of interest payable under section 6601 to 120 percent of the underpayment rate for substantial underpayments attributable to tax-motivated transactions. Additional interest is the "interest" prescribed under section 6601, with the rate of interest increased to 120 percent of the underpayment rate. Therefore, additional interest is not a "deficiency" within the meaning of section 6211(a).

The deficiency procedures only apply to a "deficiency attributable to affected items which require partner level determinations." Sec. 6230(a)(2)(A)(i).

Accordingly, we hold that this Court does not have jurisdiction in the setting presented in this case to redetermine additional interest under section 6230(a)(2)(A)(i) because additional interest is not a "deficiency" attributable to an affected item requiring partner level determinations.

In *Saso v. Commissioner, supra* at 734, we cited *N.C.F. Energy Partners v. Commissioner, supra,* for the proposition that additional interest was an affected item requiring partner level determinations and stated that we would therefore have jurisdiction over additional interest.

The only issue before us in *Saso* was whether partnership items could be litigated in a proceeding for redetermination of affected items. We did not, however, decide whether additional interest was a "deficiency attributable to affected items which requires partner level determinations" under section 6230(a)(2)(A)(i) nor was this issue before the Court. Consequently, our statement in *Saso* was merely dictum and, thus, has no precedential value.

### *Section 6621(c)(4) Jurisdiction*

Petitioners further assert that section 6621(c)(4) authorizes the Tax Court to determine whether additional interest applies. Respondent contends that the Tax Court does not have jurisdiction to determine whether additional interest applies under section 6621(c)(4) because (1) the present case is not a proceeding for redetermination of a deficiency; and (2) the deficiency before the Court is not a substantial underpayment attributable to tax-motivated transactions.

Section 6621(c)(4) provides as follows:

(4) JURISDICTION OF TAX COURT.—*In the case of any proceeding in the Tax Court for a redetermination of a deficiency,* the Tax Court shall also have jurisdiction to determine the portion (if any) of *such* deficiency which is a substantial underpayment attributable to tax motivated transactions. [Emphasis added.]

Section 6621(c)(4) only applies to a proceeding in the Tax Court for redetermination of a deficiency. Therefore, the Tax Court must have a proceeding for redetermination of a deficiency to have jurisdiction under section 6621(c)(4).

In the present case, petitioners filed a petition for redetermination of additional interest and additions to tax. As discussed above, additional interest is not a "deficiency" within the meaning of section 6211(a). Thus, a proceeding for redetermination of additional interest is not a proceeding for redetermination of a deficiency.

Petitioners are also contesting the additions to tax set forth in respondent's notice of deficiency. Section 6662(a)(2) provides that "Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter." (Section 7721(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2395, struck out the provisions contained in section 6662 and added identical provisions to section 6665.) Section 6662(b), however, provides that: "subsection (a) shall not apply to any addition to tax under section 6651, 6654 or 6655" for purposes of the deficiency procedures unless the addition to tax comes within subsection (b)(1) or (b)(2).

Respondent determined that petitioners are liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6659. Additions to tax under sections 6653(a)(1), 6653(a)(2), and 6659 are taxes for purposes of the deficiency procedures under section 6662(a)(2). Thus, we do not need to determine whether the addition to tax under section 6651(a)(1) is also a tax.

As noted above, in general, a deficiency is the amount by which the tax imposed exceeds the sum of the amount of tax shown on the return and the amount of tax previously assessed over any rebates. Sec. 6211(a). Some of the additions to tax determined by respondent are treated as

taxes under section 6662(a)(2) and, thus, are deficiencies under section 6211(a). Therefore, a proceeding for redetermination of the additions to tax is a proceeding for redetermination of a deficiency as to the additions to tax under sections 6653(a)(1), 6653(a)(2), and 6659. Accordingly, the present case is a proceeding for redetermination of a deficiency within the meaning of section 6621(c)(4).

Respondent next contends that the Tax Court does not have jurisdiction over additional interest because the deficiency, referred to in the preceding paragraph, is not a substantial underpayment attributable to tax-motivated transactions. We agree.

Section 6621(c)(4) provides that the Tax Court shall have jurisdiction to determine "the portion (if any) of *such* deficiency which is a substantial underpayment attributable to tax motivated transactions." (Emphasis added.)

The Tax Court has jurisdiction to determine the portion of *such* deficiency which is a substantial underpayment attributable to tax-motivated transactions. The language "such deficiency" refers to the deficiency which the Court is redetermining. The Tax Court only has jurisdiction to determine the portion of the deficiency before the Court which is "a substantial underpayment attributable to tax motivated transactions."

Section 6621(c)(2) provides in pertinent part:

the term "substantial underpayment attributable to tax motivated transactions" means any underpayment of taxes *imposed by subtitle A* for any taxable year which is attributable to 1 or more tax motivated transactions if the amount * * * exceeds $1,000. [Emphasis added.]

A substantial underpayment attributable to tax-motivated transactions only includes taxes imposed by subtitle A. The only deficiencies in tax in the present case before the Court are additions to tax. Additions to tax are imposed by subtitle F, not subtitle A. Thus, in the present case no portion of the deficiency before the Court is attributable to taxes imposed by subtitle A. Therefore, no portion of the deficiency before the Court can be a substantial underpayment attributable to tax-motivated transactions.

Accordingly, we hold that this Court does not have jurisdiction under section 6621(c)(4) in the setting presented

in this case to determine whether additional interest applies because the deficiency before the Court is not a substantial underpayment attributable to tax-motivated transactions.

The jurisdictional provisions of the Internal Revenue Code do not give this Court jurisdiction to determine whether TEFRA partners, such as petitioners, are liable for additional interest. We recognize that section 6621(c) was repealed by section 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399. Consequently, Congress would need to retroactively amend the jurisdictional provisions to resolve this problem.

Accordingly, respondent's motion to dismiss for lack of jurisdiction as to section 6621(c) will be granted.

To reflect the foregoing,

*An appropriate order will be issued.*

Reviewed by the Court.

CHABOT, PARKER, HAMBLEN, COHEN, SWIFT, JACOBS, GERBER, WRIGHT, WELLS, RUWE, WHALEN, and HALPERN, *JJ.,* agree with the majority.

PARR, *J.,* dissenting: I respectfully dissent. I think section 6621(c)(4), while perhaps inartfully drafted, was intended to broaden the jurisdiction of this Court to determine, under all circumstances, whether additional interest under section 6621(c) applies. I believe Congress intended the term "deficiency" in section 6230(a)(2)(A) to be read broadly to include partnership "adjustments" flowing through to the individual partners. I would not limit the meaning of "deficiency" to the narrow technical meaning of section 6211(a).

The function of the courts in interpreting taxing statutes is to "construe the language so as to give effect to the intent of Congress." *United States v. American Trucking Association, Inc.,* 310 U.S. 534, 542-545 (1940). See *Polyak v. Commissioner,* 94 T.C. 337, 340-341 (1990); *Martin Fireproofing v. Commissioner,* 92 T.C. 1173, 1185 (1989); *Cook v. Commissioner,* 90 T.C. 975, 984 (1988). As the Supreme Court stated in *Helvering v. Stockholms Enskilda Bank,* 293 U.S. 84, 93-94 (1934):

> The intention of the lawmaker controls in the construction of taxing acts as it does in the construction of other statutes, and that intention is to be ascertained, not by taking the word or clause in question from its setting and viewing it apart, but by considering it in connection with the context, the general purposes of the statute in which it is found, the occasion and circumstances of its use, and other appropriate tests for the ascertainment of the legislative will. * * *

See *Polyak v. Commissioner*, 94 T.C. at 341; *Cook v. Commissioner*, 90 T.C. at 984. By enacting section 6621(c)(4), Congress clearly wanted to spare taxpayers the inconvenience and expense of piecemeal litigation that would otherwise be required to resolve related matters flowing from the same transaction.

Where a statute or a word in the statute is capable of more than one interpretation, we should construe it with a view toward finding jurisdiction, as opposed to declining jurisdiction. See *Genesis Oil & Gas v. Commissioner*, 93 T.C. 562, 565 (1989). To do otherwise, as the majority has done, *may* leave petitioners without *any* forum to contest this additional interest, a result which clearly could not have been intended by Congress as it would unconstitutionally deprive taxpayers of due process. Where a doubt of constitutionality is raised, courts must first ascertain whether a construction of the statute is fairly possible by which the question may be avoided. *Crowell v. Benson*, 285 U.S. 22, 62 (1932). Such a construction is possible here, and should be followed.

COLVIN, *J.*, agrees with the dissent.