T.C. Memo. 1996-282


UNITED STATES TAX COURT


HOMER N. CUMMINGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12449-95.                    Filed June 19, 1996.


<u>Thomas E. Redding</u>, for petitioner.

<u>Robert W. West</u> and <u>William A. Heard</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court
on (1) Petitioner's Motion for Partial Summary Judgment Regarding
Penalties Asserted Based On The Net Operating Loss Carryforwards,
filed pursuant to Rule 121(a); and (2) petitioner's Motion for

Partial Summary Judgment Regarding The Overvaluation Penalty, also filed pursuant to Rule 121(a).[1]

Respondent concedes petitioner's second motion for partial summary judgment. Accordingly, we need only address petitioner's first motion for partial summary judgment. As explained in greater detail below, we shall deny such motion.

Background

During the taxable years 1983, 1984, and 1985, Homer N. Cummings (petitioner) was a partner in December Associates, a partnership subject to the unified partnership audit and litigation procedures set forth in sections 6221 through 6231. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648.

Petitioner reported losses of $66,079, $123,071, and $14,647 on his 1983, 1984, and 1985 Federal income tax returns, respectively, reflecting his distributive share of the losses claimed by December Associates for those years. After reporting an aggregate loss of $167,293 on his 1983 tax return, petitioner carried his December Associates' loss for 1983 forward to his 1984 tax return. Petitioner likewise carried a portion of his December Associates loss for 1984 forward to his 1985 tax return.

Respondent subsequently issued separate notices of final partnership administrative adjustment to December Associates for

---

[1]    Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code in effect for the taxable years in issue.

the taxable years 1983, 1984, and 1985.  Ira N. Smith, the tax matters partner for December Associates, invoked this Court's jurisdiction by filing separate petitions for readjustment.  See December Associates, Ira N. Smith, Tax Matters Partner v. Commissioner, docket Nos. 25083-89, 25087-89, and 16800-90.

On March 16, 1994, this Court entered decisions in each of the foregoing 3 dockets involving December Associates.  The decisions eliminated all income, deductions, and credits claimed on December Associates' partnership returns for 1983, 1984, and 1985.  No appeals were taken, and the decisions became final on June 14, 1994.  Secs. 7481(a), 7483.

Shortly thereafter, respondent made computational adjustments to petitioner's tax liability for 1983, 1984, and 1985 in order to reflect the disallowance of the losses that petitioner had claimed from his investment in December Associates.  Sec. 6231(a)(6).  Specifically, respondent computed petitioner's tax liability based upon the elimination of petitioner's distributive share of the December Associates' losses that petitioner reported in 1983, 1984, and 1985, as well as the elimination of the related net operating losses (NOL's) that petitioner carried forward from 1983 to 1984 and from 1984 to 1985.  Consistent with these computations, and within 1 year of June 14, 1994, respondent assessed petitioner $9,284 in additional tax for 1984 and $1,399 in additional tax for 1985.

On April 4, 1995, respondent issued a so-called affected items notice of deficiency to petitioner for each of the taxable years 1984 and 1985. The affected items notices of deficiency set forth respondent's determination that petitioner is liable for additions to tax under sections 6651(a)(1) and 6659 for 1984 and 1985. Respondent determined that petitioner is liable for those additions to tax as a consequence of the adjustments to petitioner's tax liability arising from the disallowance of partnership items of December Associates for 1983, 1984, and 1985.

Petitioner invoked this Court's jurisdiction by filing a timely petition for redetermination. The petition includes an allegation that petitioner is entitled to a refund under section 6512 in respect of any taxes assessed or paid after the expiration of the applicable period of limitations. See Barton v. Commissioner, 97 T.C. 548 (1991). After respondent filed her answer, petitioner filed his two motions for partial summary judgment.

In his Motion for Partial Summary Judgment Regarding The Overvaluation Penalty, petitioner seeks a ruling that he is not liable for the additions to tax under section 6659 as determined by respondent. Although respondent initially filed an objection to petitioner's motion, respondent subsequently filed a Memorandum of Law, which states as follows:

For purposes of this case only, for the petitioner's taxable years 1984 and 1985, respondent concedes that petitioner is not liable for the addition to tax under I.R.C. sec. 6659 based upon the petitioner's income or loss from the December Associates partnership of $123,071.00 in 1984 and $14,647.00 in 1985.

In light of this concession, we shall grant petitioner's Motion for Partial Summary Judgment Regarding The Overvaluation Penalty and render judgment that petitioner is not liable for the additions to tax under section 6659 as determined by respondent in the affected items notices of deficiency for the taxable years in issue.

In his Motion for Partial Summary Judgment Regarding Penalties Asserted Based On The Net Operating Loss Carryforwards, petitioner seeks a ruling that respondent erred in treating petitioner's 1984 and 1985 NOL carryforwards as affected items subject to computational adjustment. In petitioner's view, adjustments to NOL's (whether carryforwards or carrybacks) often require such a detailed review of the taxpayer's tax returns that such adjustments should invariably be treated as affected items that require a factual determination in a partner-level proceeding. In other words, petitioner requests a "bright-line" rule that would preclude respondent, following a partnership level proceeding, from adjusting an NOL item at the partner level until the NOL adjustment is included in an affected items deficiency notice and the taxpayer/partner is provided with an opportunity to invoke this Court's deficiency jurisdiction with

respect to such adjustment. In conjunction with the foregoing, we understand petitioner to argue that because respondent failed to issue a notice of deficiency for the computational adjustment, the assessment was barred and the additions to tax, inasmuch as they are determined by reference to the NOL carryforward adjustments, must likewise fall.

Respondent filed an objection to petitioner's Motion for Partial Summary Judgment Regarding Penalties Asserted Based On The Net Operating Loss Carryforwards. In her objection, respondent asserted that she correctly determined that the NOL adjustments in issue are affected items subject to computational adjustment. Respondent contends that such adjustments are not affected items requiring determinations at the partner level because respondent proceeded with her computations without otherwise adjusting petitioner's tax liability as reported. From respondent's perspective, there simply is no need for a determination at the partner level regarding the NOL adjustments that were made in this case.

## Discussion

In general, the tax treatment of any partnership item is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. TEFRA, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87

T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986).  Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

An affected item is defined in section 6231(a)(5) as any item to the extent that such item is affected by a partnership item.  White v. Commissioner, 95 T.C. 209, 211 (1990).  There are two types of affected items.  Id.

The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items.  Sec. 6231(a)(6); White v. Commissioner, supra.  Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency.  Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987);  Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent on factual determinations to be made at the partner level.  N.C.F. Energy Partners v. Commissioner, supra at 744.  Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to affected items that require determinations at the partner level.  For example, additions to tax for negligence are

affected items that require factual determinations at the partner level.  N.C.F. Energy Partners v. Commissioner, supra at 745.

Petitioner relies on 3 cases to support his position that an NOL adjustment is an affected item that requires a determination at the partner level: Harris v. Commissioner, 99 T.C. 121 (1992), affd. 16 F.3d 75 (5th Cir. 1994); Maxwell v. Commissioner, 87 T.C. 783 (1986); and Durrett v. Commissioner, T.C. Memo. 1994-179, affd. in part, revd. in part 71 F.3d 515 (5th Cir. 1996). In contrast, respondent relies on Bob Hamric Chevrolet, Inc. v. United States, 849 F. Supp. 500 (W.D. Tex. 1994), to support her position that an NOL adjustment is properly treated as an affected item subject to computational adjustment.  Based on our view of the cases cited by the parties, and in light of the circumstances presented, we agree with respondent that the NOL adjustments in question are properly treated as computational adjustments that may be assessed without the issuance of an affected items notice of deficiency.

In Maxwell v. Commissioner, supra at 790-791, we characterized an investment tax credit (ITC) carryback as an affected item on the ground that the existence or amount of the carryback is dependent on or affected by a partnership item; i.e., the amount of the partnership's ITC.  Given the procedural posture of that case, however, we were not required to (and did not) decide whether the ITC carryback was an affected item subject to a computational adjustment or an affected item

requiring a factual determination at the partner level. Accordingly, petitioner's reliance on <u>Maxwell v. Commissioner</u> is misplaced.

Likewise, <u>Harris v. Commissioner</u>, <u>supra</u>, and <u>Durrett v. Commissioner</u>, <u>supra</u>, are not dispositive of the issue presented. In short, <u>Harris v. Commissioner</u> stands for the proposition that, in submitting computations for entry of decision pursuant to Rule 155 in a non-TEFRA proceeding, a taxpayer may include in the taxpayer's computations, NOL carrybacks arising from the settlement of TEFRA partnership proceedings relating to a later taxable year when the Commissioner does not otherwise challenge the amount of the claimed carryback.[2] Notably, although <u>Harris v. Commissioner</u>, <u>supra</u> at 125, includes a citation to <u>Maxwell v. Commissioner</u> for the proposition that an NOL carryback is an affected item, and although we referred to the NOL carryback in question as a computational adjustment, <u>Harris v. Commissioner</u>, <u>supra</u> at 127, we were not required to (and again did not) definitively decide the proper characterization of the affected item.

_____

[2] Although we permitted the taxpayer in <u>Harris v. Commissioner</u>, 99 T.C. 121, 127-128 (1992), to include in his Rule 155 computation the NOL carryback arising from the settlement of TEFRA partnership proceedings, we declined to extend this ruling to <u>potential</u> carrybacks relating to separate TEFRA partnership proceedings that had not at the time been finally settled or otherwise decided at the partnership level.

Durrett v. Commissioner, supra, concerned the taxpayers' request for leave to amend their petition on the eve of trial to claim an ITC carryback from 1983 to 1980, the latter being one of the taxable years in issue. The ITC carryback purportedly reflected the taxpayers' distributive share of a credit claimed by a TEFRA partnership whose return respondent did not challenge and for which the period of limitations under section 6229 had expired. The taxpayers reasoned that they should be granted leave to amend their petition as a matter of course because, in their view, the ITC carryback amounted to nothing more than a computational adjustment. To the contrary, we held that, where the question of the validity of the ITC had not been reviewed in the context of a TEFRA partnership proceeding, the matter of the taxpayers' entitlement to the disputed ITC carryback could only be resolved after consideration of both the bona fides of the credit itself and the taxpayers' correct tax liability for 1983. We then denied the taxpayers' motion for leave to amend on the ground that to grant the motion on the eve of trial would unduly prejudice the Commissioner.

Petitioner's reliance on Durrett v. Commissioner, supra, is misplaced because we were not required to (and did not) decide in that case whether the ITC carryback was an affected item subject to a computational adjustment or an affected item requiring a factual determination at the partner level. Rather, we merely

decided, based on the particular facts of that case, not to exercise our discretion under Rule 41(a) in petitioners' favor.

As indicated, respondent relies on <u>Bob Hamric Chevrolet, Inc. v. United States</u>, 849 F. Supp. 500 (W.D. Tex. 1994), for the proposition that an NOL adjustment is properly treated as an affected item subject to computational adjustment.

In <u>Bob Hamric Chevrolet, Inc. v. Commissioner</u>, <u>supra</u>, the taxpayer reported a partnership loss in 1982 of $199,813.85 reflecting the taxpayer's distributive share of a loss incurred by a TEFRA partnership for that year. Due to limitations imposed under the "at-risk" rules, the taxpayer claimed a loss of $100,000 on its 1982 income tax return, and carried the balance of the loss forward to 1983 to offset its distributive share of income from the TEFRA partnership for that year in the amount of $86,518. As a result, the taxpayer claimed a net partnership loss for 1983 of $12,596.

Following an examination of the TEFRA partnership by the IRS for 1982 and 1983, the taxpayer entered into a settlement agreement reducing its distributive share of partnership loss for 1982. In this regard, the settlement agreement provided that the taxpayer's distributive share of partnership loss for 1982 would be reduced from $199,813.35 to $69,934.67. The settlement agreement also provided that the taxpayer's distributive share of partnership income for 1983 would remain unchanged.

Following the settlement, the Commissioner computed the taxpayer's income tax liability for 1982, taking into account partnership items, to be equal to the tax due on an increase in income of $30,065.  This figure represented the difference between $100,000 (the loss that the taxpayer claimed on its 1982 return) less $69,935 (the taxpayer's distributive share of partnership loss under the settlement).  In addition, after eliminating the partnership loss that the taxpayer carried forward from 1982 to 1983, the Commissioner determined that the taxpayer owed additional income tax for 1983.

The Commissioner later assessed the taxes described above as computational adjustments.  In a subsequent refund action, the taxpayer claimed that the Commissioner erred in treating the above-described adjustments as computational adjustments, rather than as adjustments requiring factual determinations at the partner level.  The United States District Court for the Western District of Texas, citing Maxwell v. Commissioner, 87 T.C. 783 (1986), and Harris v. Commissioner, supra, agreed with the Commissioner that the adjustments were properly treated as affected items subject to computational adjustment.  In rejecting the taxpayer's argument that the adjustments required factual determinations at the partner level, the District Court pointed out that the Commissioner did not adjust any other items on the taxpayer's returns nor did the taxpayer dispute the dollar amount of the adjustments that the Commissioner made to its 1983 tax

return.  Bob Hamric Chevrolet, Inc. v. United States, supra at 512.

We are not persuaded that the cases relied on by petitioner support the conclusion that the NOL carryforward adjustments in question are properly characterized as affected items that must be resolved in a partner-level proceeding.  Rather, we are satisfied, based on the record presented, that those adjustments satisfy the definition of an affected item subject to computational adjustment.  Sec. 6231(a)(6); White v. Commissioner, 95 T.C. 209, 211 (1990).  Indeed, as was the case in Bob Hamric Chevrolet, Inc. v. United States, supra, counsel for petitioner concedes that there is no dispute as to the computations that respondent made in this case.

In view of the foregoing, and under the facts presented, we see no merit in petitioner's contention that the NOL carryforward adjustments in this case must be the subject of an affected items notice of deficiency.

In order to reflect the foregoing,

An appropriate order
will be issued.