T.C. Memo. 1996-384


UNITED STATES TAX COURT


ROBERT C. OLSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22213-94.                    Filed August 20, 1996.


<u>Larry D. Harvey</u>, for petitioner.

<u>David P. Monson</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction and to
Strike Partnership Items (respondent's Motion to Dismiss).  The
issue raised by respondent's Motion to Dismiss involves the scope
of this Court's jurisdiction in a so-called affected items
proceeding involving additions to tax for negligence and
substantial understatement of income tax.

Background

Some of the facts have been stipulated, and they are so found.

In 1982, petitioner was a partner with a 1.2374-percent interest in a partnership known as Computer Graphics Partners, Ltd. Pacific (Computer Graphics). On his income tax return for 1982, petitioner deducted his distributive share of the loss claimed by Computer Graphics on its partnership return for that year.

Computer Graphics was formed after September 3, 1982. Accordingly, the examination of Computer Graphics' 1982 taxable year was required to be made, and was in fact made, pursuant to the unified partnership audit and litigation procedures set forth in sections 6221 through 6231.[1] Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648.

### The Partnership Proceeding

In January 1985, and pursuant to section 6223(a)(1), respondent mailed petitioner a notice of beginning of administrative proceeding (NBAP) regarding the examination of Computer Graphics' partnership return for 1982. Pursuant to

---

[1] Unless otherwise indicated, all section, subchapter, and chapter references in this Opinion are to the Internal Revenue Code, as amended.

section 6223(c)(1), respondent mailed the NBAP to petitioner at the address set forth on Schedule K-1 of the partnership return.

On March 23, 1988, and pursuant to section 6223(a)(2), respondent mailed a notice of final partnership administrative adjustment (FPAA) to Computer Graphics' tax matters partner (TMP) regarding the partnership's 1982 taxable year. Approximately one month later, on April 18, 1988, and pursuant to section 6223(a)(2) and (d)(2), respondent mailed a copy of the FPAA to petitioner.

The FPAA that was sent to petitioner was mailed to him at 1445 E. Irish Lane, Littleton, Colorado 80122 (the Irish Lane address). Petitioner resided at the Irish Lane address on April 18, 1988, and continued to reside there at least through September 26, 1995.

In August 1988, a petition for readjustment of partnership items was filed in response to the FPAA that respondent had previously issued in respect of Computer Graphics' 1982 taxable year. The petition, which was assigned docket No. 21062-88, was filed by a partner other than petitioner, and it served to commence a partnership level proceeding (the partnership proceeding).

In September 1992, respondent filed a motion to dismiss for failure to properly prosecute and a motion for appointment of tax matters partner in the partnership proceeding. Subsequently, in

December 1992, the Court issued an Order to Show Cause (the show cause order) directing petitioner, and all other nonsettling partners of Computer Graphics, to show cause why the partnership proceeding should not be dismissed for failure to properly prosecute. The preamble of the show cause order stated as follows:

> pursuant to our order * * *, respondent provided the Court with a list of the names and addresses of all nonparticipating partners in the above partnership who have not entered into settlement agreements and will therefore be affected by the outcome of this case.
>
> In order to protect the interests of these partners with respect to their right to be informed both about these proceedings in general, the existence of settlement offers, and the existence of pending motions to dismiss for lack of jurisdiction, respondent asked the Court to designate a new tax matters partner (TMP) pursuant to Tax Court Rule 250(b). However, respondent was unable to suggest the name of any partner to serve as TMP inasmuch as respondent has settled with all participating partners, and the remaining partners to whom this order is addressed have not answered their letters from respondent. Mail addressed to the existing TMP is being returned and his whereabouts are no longer known.

A copy of the show cause order was served on petitioner at his Irish Lane address. Petitioner did not respond to the show cause order.

On June 10, 1993, the Court entered an Order and Order of Dismissal and Decision (the final order) in the partnership proceeding. The final order dismissed the partnership proceeding and sustained respondent's adjustments as determined in the FPAA. Further, the final order revealed that, as of June 10, 1993, all

but two of the participating partners (see Rule 247(b)) had entered into settlement agreements with respondent. The final order was served on petitioner at his Irish Lane address. Petitioner did not respond to the final order.

On August 29, 1994, a computational adjustment was assessed against petitioner. The computational adjustment was made to record the change in petitioner's tax liability resulting from the Court's final order dismissing the partnership proceeding and sustaining the partnership items relating to Computer Graphics for 1982. See sec. 6226(h).

The Affected Items Proceeding

On August 26, 1994, respondent mailed petitioner a notice of deficiency in which she determined that, for 1982, petitioner was liable for (1) additions to tax for negligence under sections 6653(a)(1) and 6653(a)(2), and (2) an addition to tax for a substantial understatement of income tax under section 6661. These additions to tax are affected items because they are based on tax owing by petitioner as a result of adjustments to partnership items appearing on Computer Graphics' partnership return for 1982. The affected items notice of deficiency was mailed to petitioner at his Irish Lane address.

Petitioner timely filed a petition for redetermination with respect to the affected items notice of deficiency. The petition appears to place in dispute not only the additions to tax

determined in the notice of deficiency, but also the computational adjustment assessed by respondent in respect of petitioner's share of Computer Graphics' partnership items for 1982.

As previously indicated, respondent has filed a Motion to Dismiss. In such motion, respondent moves to dismiss for lack of jurisdiction, and to strike, such portion of the petition that relates to adjustments "from or to" Computer Graphics for 1982. In this regard, respondent contends that the Court's jurisdiction in the present case is limited to redetermining the additions to tax for 1982 as determined by respondent in the affected items notice of deficiency.

Petitioner filed an objection to respondent's Motion to Dismiss. In his objection, petitioner alleged: (1) He did not receive an FPAA and was therefore not adequately notified of the underlying partnership proceeding pursuant to section 6223(a); (2) any FPAA mailed to him should be considered ineffective because he had health problems rendering him unable to comprehend such a notice; and (3) the additions to tax determined by respondent must be assessed consistent with settlement agreements previously offered by respondent to other partners of Computer Graphics.

Respondent was directed to file a response to petitioner's objections setting forth the basis upon which she relied to show

that she complied with the notice requirements set forth in section 6223(a). Respondent complied with this directive, and the parties ultimately stipulated to many of the facts and documents set forth in respondent's response. Specifically, the parties stipulated that respondent mailed petitioner an NBAP and an FPAA in respect of respondent's examination of Computer Graphics' 1982 taxable year.

Discussion

In general, the tax treatment of any partnership item is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. TEFRA sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

An affected item is defined in section 6231(a)(5) as any item to the extent that such item is affected by a partnership item. White v. Commissioner, 95 T.C. 209, 211 (1990). There are two types of affected items. Id.

The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items.  Sec. 6231(a)(6); White v. Commissioner, supra.  Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency.  Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9.  The computational adjustment that respondent assessed against petitioner on August 29, 1994, was the underpayment of income tax attributable to the disallowance of petitioner's proportionate share of the loss claimed by Computer Graphics on its partnership return.

The second type of affected item is one that depends on factual determinations to be made at the partner level.  N.C.F. Energy Partners v. Commissioner, supra at 744.  Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to affected items that require determinations at the partner level.  The additions to tax for negligence and substantial understatement of income tax are examples of such affected items.

The Court may not adjudicate computational adjustments in an affected items proceeding.  Bradley v. Commissioner, 100 T.C. 367, 371 (1993); Saso v. Commissioner, 93 T.C. 730, 734 (1989);

Maxwell v. Commissioner, supra at 788; Palmer v. Commissioner, T.C. Memo. 1992-352, affd. without published opinion 4 F.3d 1000 (11th Cir. 1993). Indeed, we have expressly held that we lack jurisdiction to consider computational adjustments in a subsequent deficiency proceeding to redetermine additions to tax.

In his petition and his objection to respondent's Motion to Dismiss, petitioner contends that the FPAA mailed to him pursuant to section 6223(a)(2) and (d)(2) should be considered ineffective notice of the partnership proceeding because his poor health precluded him from comprehending such notice. In this regard, petitioner alleged that he was depressed, that he was developing ulcerative colitis, and that he almost died. However, petitioner never presented any evidence regarding the state of his health at the time that the FPAA was mailed to him in April 1988. Petitioner has therefore failed to establish the factual predicate necessary to any consideration of his legal argument.[2]

Further, in his petition, petitioner alleged that respondent erred in assessing the tax attributable to petitioner's partnership items. Petitioner subsequently clarified his position and recognized that this Court does not have

---

[2] In the context of the deficiency procedures prescribed in subch. B of ch. 63, the analog of an FPAA is a notice of deficiency. We note that, as a general rule, a notice of deficiency is legally sufficient if it is mailed to a taxpayer at the taxpayer's last known address, even if the taxpayer is under a legal disability or incompetent. Sec. 6212(b)(1); Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983).

jurisdiction over partnership items in an affected items proceeding. However, petitioner contends that, for purposes of computing the additions to tax for negligence and substantial understatement of income tax, the underpayment amount (i.e., the amount of the computational adjustment assessed on August 29, 1994) should be less than the amount reflected in the affected items notice of deficiency.[3]

Specifically, petitioner alleges that he did not receive notice of settlement agreements between respondent and other partners of Computer Graphics in which respondent allegedly reduced the amount of the underpayment with respect to which additions to tax are calculated. From this, petitioner concludes that he should be entitled to reduce the amount of the underpayment as stated in the affected items notice of deficiency for purposes of calculating the additions to tax determined in such notice.

Respondent contends that this Court lacks jurisdiction to reduce the amount of the underpayment; i.e., the computational adjustment, in an affected items proceeding. We agree with respondent.

---

[3] The additions to tax for negligence under sec. 6653(a)(1) and (2), as well as the addition to tax for substantial understatement of income tax under sec. 6661, are predicated on an underpayment of tax. In other words, the amount of such additions is directly related to the amount of an underpayment of tax.

As previously mentioned, this Court has no jurisdiction to consider challenges to computational adjustments in an affected items proceeding. Bradley v. Commissioner, supra; Saso v. Commissioner, supra; Maxwell v. Commissioner, supra; Palmer v. Commissioner, supra. In the instant case, petitioner is directly challenging the computational adjustment made pursuant to the dismissal of the partnership proceeding, albeit for purposes of computing the additions to tax for negligence and substantial understatement of income tax.[4] Nevertheless, the fact remains that petitioner would have us review a computational adjustment in an affected items proceeding. This we may not do, even for the limited purpose advocated by petitioner, because it would necessarily require us, contrary to the statutory scheme of the unified partnership audit and litigation provisions, to determine partnership items in an affected items proceeding.

Petitioner's remaining contentions do not merit any discussion other than to note that the validity of a properly mailed FPAA is not contingent on actual receipt by a notice partner. Crowell v. Commissioner, 102 T.C. 683, 692 (1994).

In order to reflect the foregoing,

---

[4] It should be recalled that the computation of each of the additions to tax at issue in this case takes into account the amount of the underpayment of tax, see supra note 3, and that it is the underpayment of tax that respondent assessed as the computational adjustment at the conclusion of the partnership proceeding.

An order granting respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike Partnership Items will be issued.