T.C. Memo. 1997-560

UNITED STATES TAX COURT

WILLIAM L. AND MARY LEE POWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10560-96.                    Filed December 22, 1997.

<u>Valentine C. Crotin</u>, for petitioners.

<u>Alvin A. Ohm</u> and <u>Andrew M. Winkler</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  The issue raised by respondent's motion to dismiss

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

involves the scope of the Court's jurisdiction in an affected-items proceeding.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in Dallas, Texas, at the time their petition was filed.

In 1982 petitioners invested $12,500 in the partnership Barrister Equipment Associates Series 112 (Barrister Series 112), through their investment in an S corporation known as Erath Enterprises, Inc. (Erath).

On November 17, 1989, respondent issued separate notices of final partnership administrative adjustment (FPAA) to the tax matters partner (TMP) of Barrister Series 112 for the taxable years 1982 and 1983. The adjustments were the subject of proceedings at the partnership level pursuant to sections 6221 through 6233. This Court entered a stipulated decision in the partnership proceeding, Anderson Equip. Associates v. Commissioner, docket No. 27745-89, on February 17, 1995. Pursuant to section 7481, that decision became final on May 18, 1995.

On March 25, 1996, respondent made an assessment of a computational adjustment against petitioners for 1983 resulting from the partnership adjustments and an assessment for interest, including additional interest under section 6621(c). On April

29, 1996, respondent made a second assessment of interest, including additional interest under section 6621(c).

On April 1, 1996, respondent made an assessment for 1982 against petitioners as a computational adjustment resulting from the partnership adjustments and an assessment for interest, including additional interest under section 6621(c). On or around May 6, 1996, respondent made a second assessment of interest including additional interest under section 6621(c).

In separate notices of deficiency issued on April 2, 1996, respondent determined additions to tax for negligence under section 6653(a)(1) and (2) and for the substantial understatement of tax liability under section 6661 for 1982 and 1983. The additions to tax are affected items in that they are based on taxes assessed against petitioners as a result of adjustments to partnership items of Barrister Series 112.

Petitioners filed a timely petition for redetermination of the additions to tax for 1982 and 1983 and of income taxes for 1982 and 1983 previously assessed by respondent.

This case was called for trial in Dallas, Texas, on February 24, 1997. At that time, the parties filed a Stipulation of Settled Issues in which they stipulated that petitioners are not liable for additions to tax under sections 6653(a)(1), 6653(a)(2), and 6661 for the taxable years 1982 and 1983. Pursuant to section 6214(a), respondent asserted additions to tax

under section 6659 for 1982 and 1983 in the respective amounts of $1,094 and $223. Petitioners concede that they are liable for additions to tax in these amounts. The Stipulation of Settled Issues states that upon entry of decision petitioners waive the restriction contained in section 6213(a) prohibiting assessment and collection of the section 6659 addition to tax until the entry of the decision of the Court is final. As of February 24, 1997, petitioners had not paid any of the taxes or interest owing with respect to tax years 1982 and 1983 which have been assessed.

On February 24, 1997, petitioners filed a motion for leave to file an amendment to petition. That motion was granted. In the amendment to petition, petitioners again stated that the deficiencies in dispute include the amounts assessed against them as a result of the decision in Anderson Equipment Associates v. Commissioner, supra. Further, in the amendment to petition, petitioners allege that respondent erred by not reducing the amounts of the taxes and interest assessed by the loss of petitioners' investment in the Barrister Series 112 and the amount of the investment tax recapture reported by petitioners on their 1984 tax return as a result of their interest in Barrister Series 112. Petitioners argue that the loss and recapture are affected items, or in the alternative that the mitigation provisions of section 1311 through 1314 apply. Petitioners also allege error in the assessment of interest under section 6621(c).

By Order dated February 24, 1997, the Court ordered respondent to file any motion to dismiss by March 26, 1997. On March 26, 1997, respondent filed a motion to dismiss for lack of jurisdiction as to the portion of this case which relates to partnership items, computational adjustments, offsets to previously assessed computational adjustments, and the increased rate of interest under section 6621(c).

The tax treatment of partnership items generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 though 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648; Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). Partnership items include, inter alia, each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit and other amounts determinable at the partnership level with respect to partnership assets or investments necessary to enable the partnership or partner to determine the investment credit and the recapture of the investment credit, sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs., although investment credits are taken into account separately by each partner. Sec. 702(a); Southern v. Commissioner, 87 T.C. 49, 53 (1986). The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks

v. Commissioner, 87 T.C. 1279, 1284 (1986). The TEFRA procedures apply to the taxable years 1982 and 1983 of Barrister Series 112.

An affected item is defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item. White v. Commissioner, 95 T.C. 209, 211 (1990). The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items. Sec. 6231(a)(6); White v. Commissioner, supra. Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. Sec. 6230 (a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent on factual determinations to be made at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to affected items that require determinations at the partner level. Additions to tax under sections 6653(a)(1) and(2) and 6661 are affected items requiring factual determinations at the individual partner level and are subject to the normal deficiency procedures. N.C.F. Energy Partners v. Commissioner, supra at 745.

In the motion to dismiss, respondent argues that the Court does not have jurisdiction to redetermine petitioners' tax for the years in issue to the extent that the amounts assessed by respondent are attributable to the proper reporting of partnership items.

Petitioners' shares of the losses and investment credit basis of the partnership for 1982 and 1983 are partnership items. Accordingly, we are without jurisdiction over the deficiencies attributable to these items which were assessed as computational adjustments. Furthermore, petitioners agree that we are without jurisdiction over the computational adjustments in this affected items proceeding. See Bradley v. Commissioner, 100 T.C. 367, 371 (1993); Saso v. Commissioner, 93 T.C. 730, 734 (1989).

Petitioners, however, argue that the investment tax credit recapture reported on their 1984 return is an affected item, and they contend that they overpaid taxes in 1984 as a result of recognizing recapture of a portion of the investment credit respondent has since disallowed in taxable years 1982 and 1983. Respondent counters that we do not have jurisdiction to offset the taxes assessed for 1982 and 1983 by petitioners' alleged overpayment in a year not before the Court.

As we understand it, petitioners' argument is that the affirmative defense of equitable recoupment applies and that the

deficiencies assessed for the tax years 1982 and 1983 should be offset by the alleged overpayment in 1984. We do not agree.

Equitable recoupment may apply in limited circumstances to overcome the bar of the statute of limitations "to prevent inequitable windfalls to either taxpayers or the Government that would otherwise result from inconsistent tax treatment of a single transaction, item, or event affecting the same taxpayer". Estate of Mueller v. Commissioner, 101 T.C. 551, 552 (1993). In United States v. Dalm, 494 U.S. 596, 608 (1990), the Supreme Court stated:

> our decisions in Bull and Stone stand only for the proposition that a party litigating a tax claim in a timely proceeding may, in the proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction. In both cases, there was no question but that the courts in which the refund actions were brought had jurisdiction. To date, we have not allowed equitable recoupment to be the sole basis for jurisdiction.

As petitioners have conceded, we do not have jurisdiction over the computational assessments in this proceeding. Accordingly, the doctrine of equitable recoupment does not apply.

In the alternative, petitioners argue that the mitigation provisions, sections 1311 through 1314, apply in these circumstances. Petitioners contend that the settlement agreement reached with respect to the 1982 and 1983 taxable years of Barrister Series 112 is a determination within the meaning of the mitigation provisions. Petitioners further argue that the disallowance of the investment credits claimed in 1982 and 1983

and the recapture of the investment credit in 1984 operate as a double disallowance of credit. Thus, petitioners claim that there was an overpayment of tax in 1984. Petitioners argue that the taxes assessed for 1982 and 1983 should be offset by the amount of taxes paid by petitioners in 1984 with respect to the investment credit recapture.

Respondent argues that the Court is without jurisdiction to consider petitioners' mitigation argument because (1) the tax years 1982 and 1983 are open and the provisions do not apply to those years and (2) the tax year 1984 is not before the Court.

Where applicable, the mitigation provisions permit the correction of an item that is shown to be erroneous by a determination in an administrative or judicial proceeding relating to another year. Fruit of the Loom, Inc. v. Commissioner, T.C. Memo. 1994-492, affd. 72 F.3d 1338 (7th Cir. 1996). If the mitigation provisions apply, the taxable income for the year of the error may be adjusted under section 1314. Sec. 1311(a). Petitioners allege that the recapture of the tax credit in 1984 was erroneous. However, the tax year 1984 is not before us, and we lack jurisdiction to redetermine whether petitioners overpaid their income tax liability for that year. Sec. 6214(b). Furthermore, we do not believe that the mitigation provisions permit the relief sought by petitioners in this proceeding. If the adjustment determined under section 1314

results in a decrease in tax, it is treated as if it were an overpayment for the taxable year with respect to which such adjustment was made, the recovery of which is subject to the law and regulations applicable to claims and suits for refund.  Sec. 1314(b), sec. 1.1314(b)-1(a), Income Tax Regs.

Section 6621(c) provides for an increase in the interest rate to 120 percent of the statutory rate on the underpayment of tax if a substantial underpayment is due to a tax-motivated transaction.  Respondent asserts that we lack jurisdiction to consider petitioners' liability for interest imposed at an increased rate under section 6621(c).

In White v. Commissioner, 95 T.C. 209 (1990), the Commissioner issued a notice of deficiency for additions to tax and increased interest under section 6621(c) after the underlying tax deficiency was assessed as a computational adjustment resulting from partnership proceedings.  The Court held that increased interest under section 6621(c) is not treated as a deficiency for purposes of section 6211 as provided by section 6601(e)(1), and thus the Court did not have jurisdiction to redetermine additional interest in an affected item proceeding under section 6230(a)(2)(A)(i).  White v. Commissioner, supra at 212-214.  The Court further held that section 6621(c)(4) did not provide the Court with jurisdiction to redetermine the taxpayers' liability for increased interest under section 6621(c).  The

Court concluded that its jurisdiction under section 6621(c)(4) is limited to cases where a portion of the deficiency is attributable to taxes imposed by subtitle A, whereas additions to tax are imposed by Subtitle F. Thus, in an affected items proceeding involving only additions to tax, the Court generally does not have jurisdiction under section 6621(c)(4) to determine whether additional interest applies.

Petitioners contend, however, that this Court has jurisdiction to consider this issue under section 6512(b)(1). In Barton v. Commissioner, 97 T.C. 548 (1991), this Court held that the Court may have jurisdiction over a taxpayer's liability for section 6621(c) interest by virtue of our jurisdiction to determine an overpayment of tax under section 6512(b). Petitioners have not made any payments, let alone an overpayment of the interest due on the underlying deficiencies.

We agree with respondent that in these circumstances we lack jurisdiction to consider petitioners' liability for interest under section 6621(c).

Based on the foregoing,

An appropriate order
will be issued.