David A. FIELD and Ellen J. Field,
Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

Docket No. 02–6163.

United States Court of Appeals,
Second Circuit.

Argued: April 11, 2003.

Decided: May 2, 2003.

Elliot I. Miller, New York, N.Y. (David A. Field, on the brief), for Plaintiffs–Appellants David A. Field and Ellen J. Field.

Michael M. Krauss, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, and Jeffrey S. Ostericher, Assistant United States Attorney, on the brief), for Defendant–Appellee United States of America.

Before: JACOBS, STRAUB, Circuit Judges, CARMAN, Chief Judge.[1]

_____

**1.** Honorable Gregory W. Carman, Chief Judge of the United States Court of Interna-

tional Trade, sitting by designation.

PER CURIAM.

The sole issue on appeal is whether the district court had jurisdiction over Plaintiffs–Appellants' tax refund action. This Court holds that jurisdiction is not foreclosed by 26 U.S.C. § 7422(h) (2000) and that the district court can properly exercise jurisdiction over this matter. Therefore, the district court's decision is reversed and the case is remanded for consideration of the merits of the action.

■ District courts generally have subject matter jurisdiction over tax refund claims pursuant to 28 U.S.C. § 1346(a)(1). However, under 26 U.S.C. § 7422(h), "[n]o action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)."[2] Based on a plain language reading of the statute, this provision does not bar jurisdiction. The statute indicates that for jurisdiction to be foreclosed, the refund (not the item which leads to that refund) must be attributable to partnership items. In other words, the refund must be based upon the assessment of a partnership item. This reading is further supported by the inclusion of the parenthetical reference to § 6231(a)(3), which defines a "partnership item." Contrary to the United States' argument, the provision does not appear to bar jurisdiction in refund actions regarding a category of items that are termed "attributable to partnership items." Thus, it is only with respect to partnership items that a refund action is precluded. "If the refund is attributable to partnership items, section 7422(h) applies and deprives the court of jurisdiction. If, on the other hand, the refund is attributable to nonpartnership items, then section 7422(h) is irrel-

evant, and the general grant of jurisdiction [in 28 U.S.C. § 1346(a)(1)] is effective." *Alexander v. United States*, 44 F.3d 328, 331 (5th Cir.1995).

■ There are three factors which lead this Court to find that the interest assessed against Plaintiffs–Appellants under former 26 U.S.C. § 6621(c) is not a partnership item. First, the statutory definition of a "partnership item" is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). The IRS's regulations list items considered to be partnership items. Thus 26 C.F.R. § 301.6231(a)(3)–1 states that "the following items which are required to be taken into account for the taxable year of a partnership under subtitle A of the [Internal Revenue] Code are more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items," and then lists various items, which do not include interest or § 6621(c) interest. 26 C.F.R. § 301.6231(a)(3)–1. Additionally, former 26 U.S.C. § 6621(c) was a part of subtitle F and therefore was not an item "to be taken into account ... under subtitle A." *Id.* Thus, the statutory definition of a "partnership item" and the IRS's regulations indicate that the § 6621(c) interest is not a partnership item. The refund that Plaintiffs seek is therefore not attributable to a partnership item.

---

**2.** Neither exception to § 7422(h) is applicable to this case. Plaintiffs–Appellants do not seek a refund based upon a computational error under § 6230(c), nor do Plaintiffs–Appellants seek review of the Internal Revenue Service's ("IRS") denial of a request for an administrative adjustment under § 6228(b).

Second, the United States Tax Court has previously denied jurisdiction over claims regarding § 6621(c) interest on the ground that the § 6621(c) interest is not a partnership item. For example, in *Affiliated Equipment Leasing II,* the Tax Court noted its prior holding that it "lack[s] jurisdiction in a partner level proceeding to determine whether a petitioner is liable for increased interest under section 6621(c) where the only matters in dispute were additions to tax" and concluded that "section 6621(c) interest is not a 'partnership item' and is not within the [Tax] Court's scope of review in a partnership level proceeding." *Affiliated Equip. Leasing II v. Commissioner,* 97 T.C. 575, 576–78, 1991 WL 241149 (1991) (citing *White v. Commissioner,* 95 T.C. 209, 212, 1990 WL 125093 (1991)). As recently as 2000, the Tax Court determined that § 6621(c) interest is an "affected item" (as defined in the margin below) [3] rather than a "partnership item" and therefore could not be reviewed at a partnership level proceeding. *Barlow v. Commissioner,* Nos. 4651-95, 4652-95, 6393-95, 6394-95, 2000 WL 1649506, 2000 Tax Ct. Memo LEXIS 402, at *47–*51 (T.C. Nov. 3, 2000) ("Additional interest under section 6621 is an affected item because the determination of a taxpayer's liability for such interest may require findings of fact peculiar to the particular taxpayer, namely, the amount of the taxpayer's underpayment that is attributable to a tax-motivated transaction. Because the application of section 6621(c) turns on matters that are specific to individual partners, it follows that such interest constitutes an affected item that can-

not be reviewed in a partnership level proceeding.") (citations omitted). These cases reinforce the view that the penalty interest at issue in this case is not attributable to a partnership item.

Third, the parties agree that the § 6621(c) interest at issue is not a "partnership item." Counsel for the United States conceded at oral argument that the item at issue is not a partnership item but rather is properly considered an affected item. Plaintiffs have consistently argued that the penalty interest is not a partnership item. The United States argues that § 7422(h) should be read to bar jurisdiction over claims for refunds where the item to be refunded is "attributable to a partnership item," meaning it directly flows from a partnership item. As discussed, a plain reading of § 7422(h) defeats of this argument.

For the reasons set forth above, the judgment of the district court is hereby vacated and the matter remanded for consideration on the merits.

---

**3.** An "affected item" is defined as "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). As the Tax Court noted in Barlow, there are two types of affected items. The first type "is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of a partnership

item." *Barlow,* 2000 WL 1649506, 2000 Tax Ct. Memo LEXIS 402, at *49 (citation omitted). The second type is an item "that is dependent on factual determinations to be made at the individual partner level." *Id.* at *50. The Tax Court found that § 6621(c) interest is the latter type of affected item. *Id.* at *50–*51.