**David A. FIELD and Ellen J. Field, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 01 CIV.3000(SAS).**

United States District Court, S.D. New York.

Nov. 18, 2003.

Elliot I. Miller, Esq., Kleban & Samor, P.C., Southport, CT, for Plaintiffs.

Edward Chang, Assistant United States Attorney, United States Attorney's Office, Southern District of New York, New York, for the Government.

*CORRECTED OPINION AND ORDER*

SCHEINDLIN, District Judge.

David and Ellen Field (the "Fields") seek a refund of tax-motivated transaction interest in the amount of $87,382, assessed and collected by the Internal Revenue Service ("IRS"), in December, 1999, under former section 6621(c)[1] of the Internal Revenue Code, Title 26 of the United State Code. The Fields now move for summary judgment, arguing that the assessment and collection of the $87,382 was untimely, and is barred by the applicable statute of limitations. The Government cross-moves for summary judgment, claiming that the assessment and collection was timely. The issue before the Court is which of two statutes of limitations applies to the section 6621(c) tax-motivated transaction interest that was assessed against the Fields.

## I. PROCEDURAL HISTORY

In *Field v. United States,* No. 01 Civ. 3000, 2002 WL 1300249 (S.D.N.Y. June 12, 2002) (*"Field I"*), this Court declined to reach the merits of plaintiffs' claim, holding that the Court lacked subject matter jurisdiction over the dispute pursuant to 26 U.S.C. § 7422(h) ("[n]o action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) . . ."). The Court concluded that the disputed tax-motivated transaction interest was an "affected item,"[2] but attributable to a partnership item, and that

---

**1.** This provision imposed a 120 percent interest rate for underpayments of more than $1,000 attributable to tax-motivated transactions. It was repealed under § 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub.L. 101–239, 103 Stat. 2106, which replaced several penalty provisions with a single "accuracy related" penalty. *See* 26 U.S.C § 6662.

**2.** An "affected item" is "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). There are two types of "affected items": (1) a computation adjustment made to record the change in a partner's tax liability resulting from the proper treatment of a partnership item; and (2) an item that is dependent on factual determinations to be made at the individual partner level. *See Field v. United States,* 328 F.3d 58, n. 3 (2d Cir.2003) (*"Field II"*).

therefore, the Court lacked subject matter jurisdiction over the action. *See Field I,* 2002 WL 1300249, at *4.

On appeal, the Second Circuit reversed this Court's decision, holding that interest assessed under former 26 U.S.C. § 6621(c) does not constitute a "partnership item" and "is not attributable to a partnership item." *Field II,* 328 F.3d at 60. However, the Court of Appeals confirmed this Court's finding that the contested interest constitutes an "affected item" that is "dependent on factual determinations to be made at the individual partner level." *Id.* (quoting *Barlow v. Comm.,* Nos. 4651–95, 4652–95, 6393–95, 6394–95, 2000 WL 1649506, 2000 Tax Ct. Memo LEXIS 402, * 50 (T.C. Nov. 3, 2000)). The Second Circuit therefore vacated this Court's decision, and remanded the case for a decision on the merits.

## II. FACTS

In or about 1980, the Fields purchased one unit of a limited partnership called White Rim Oil & Gas Associates ("White Rim"). Their share was less than one percent. Suspecting that White Rim operated as a tax shelter, the IRS audited the partnership for the tax years 1980 through 1982. In 1985, the IRS notified the Fields of its determination that White Rim was a tax shelter, and that as a result of the disallowance of the tax-sheltered items on their tax returns, the Fields owed additional taxes and tax-motivated transaction interest, pursuant to section § 6621(c), for those tax years. Plaintiffs paid the principal and interest due. *See Field I,* 2002 WL 1300249, at *1.

In 1985, the IRS notified White Rim's tax matters partner that it was conducting further audits of White Rim for tax year 1983. In 1986, White Rim's tax matters partner signed IRS Form 872–O, extending the statute of limitations for the assessment of taxes on White Rim partnership items against all partners for the tax year 1983. The extension provided, in pertinent part, that "the amount of any Federal income tax with respect to any person on any partnership item(s)" could be assessed up to one year "after the date on which the determination of the partnership items become final." *See id.* at *2. The Fields contend, and the Government concedes, that this document did not purport to extend the statute of limitations with respect to the disputed "penalty interest."[3] *See* 10/24/03 Hearing Transcript ("Tr.") at 24–25.

In January 1999, the Tax Court issued a decision in a petition filed by White Rim's tax matters partner for redetermination of partnership items for the tax year 1983 following the IRS's audit and initial determination. On December 13, 1999, pursuant to the Tax Court Decision, the IRS assessed additional taxes against plaintiffs amounting to $17,368, plus interest of $79,724.81 for tax-motivated transactions under 26 U.S.C. § 6621(c). Plaintiffs remitted these sums in July 2000, by which time the interest due had increased to the $87,382 claimed in this suit. The IRS declined to grant a refund for the interest, and plaintiffs subsequently brought this action. The Fields do not contest that they owe the underlying tax, assessed at $17,368. They argue only that they are entitled to a refund for the interest. *See Field I,* 2002 WL 1300249, at *2.

---

**3.** The Government contests plaintiffs' characterization of the interest assessed as "penalty interest," arguing that it is "simply interest imposed under [Internal Revenue Code section] 6601". Notably, the Second Circuit opinion pursuant to which this case was remanded refers to the interest as both "interest" and "penalty interest." *See Field II,* 328 F.3d at 59–60. The dispute over the characterization is not dispositive of the issue before the Court. *See infra* Part III.

## II. THE PARTIES' ARGUMENTS

### A. Plaintiffs' Arguments

The Fields contend that "if the penalty interest was not a partnership item, the statute of limitations for the Fields' liability under former Code section 6621(c) ... expired in 1987, three years from the 1984 filing of their tax returns for 1983."[4] Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment at 3–4. According to the Fields, they consented to an extension of the statute of limitations with respect to partnership items, the Second Circuit held that the interest at issue does not constitute a "partnership item," the interest therefore was not covered by the statute of limitations waiver, and the IRS's time to pursue the interest is barred by section 6501(a)'s three-year statute of limitations. *See* Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Rep.Mem.") at 3–4; Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Opp.Mem.") at 2–3.

The Fields further argue that "penalty interest" assessed under former section 6621(c) should not be "accorded the same treatment as normal interest arising out of a tax deficiency from a partnership proceeding." Rep. Mem. at 4. In support of this argument, the Fields submit that pursuant to *Field II*, the disputed interest is an "affected item," and therefore "cannot be simply treated as normal interest adhering to a tax deficiency from a partnership proceeding." Rep. Mem. at 4; *see also* Opp. Mem. at 4–5. According to the Fields, because this type of affected item requires a determination at the individual partner level, it *cannot* be interest, and therefore the statute of limitations provisions regarding interest are inapplicable. *See* 10/24/03 Transcript of Oral Argument ("Tr.") at 10.[5]

Finally, the Fields argue that the disputed "penalty interest" must be treated differently than "normal interest" because "normal interest" is intended to compensate the Government for the loss of the use of funds, whereas interest charged under former section 6621(c) was punitive, and punished taxpayers that invested in a certain type of transaction. *See* Rep. Mem. at 5; Opp. Mem. at 6–7. They urge the

---

4. This argument is premised on 26 U.S.C. § 6501(a), which states:

    (a) General rule—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed *within 3 years* after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by *stamp*, at any time *after* such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

    26 U.S.C. § 6501 (emphasis added).

5. During oral argument, the following colloquy occurred between Mr. Miller, plaintiffs' counsel, and the Court:

    THE COURT: [M]y first instinct is there was a statute [of limitations] waiver [ ] for partnership items. If the Court of Appeals says th[is] isn't a partnership [item] it's over. My second thought is if the underlying assessment is timely interest runs for ten years.
    MR. MILLER: It would if this was considered interest.
    THE COURT: I understand.
    MR. MILLER: But it can't be an affected item and be considered interest.
    THE COURT: It can't be an affected item and interest at the same time?
    MR. MILLER: It cannot be both.
    Tr. at 9–10.

Court to regard the disputed interest as a penalty similar to a negligence penalty, *see Klein v. United States*, 86 F.Supp.2d 690, 698 (E.D.Mich.1999), rather than interest. According to the Fields, the "penalty interest" rate of 120% compounded daily cannot be treated as normal interest, and consequently is not subject to the statutory rules set forth in 26 U.S.C. §§ 6502, 6601 [6] dealing with "normal interest" and limitations on its collection.[7]

## B. The Government's Argument

The Government contends that a straightforward analysis of the tax code demonstrates that recovery of the disputed interest is not barred by the statute of limitations. According to the Government, pursuant to 26 U.S.C. § 6502(a)(1), the limitations period for collection of the tax underlying the interest is 10 years from the date it was timely assessed. *See*

**6.** 26 U.S.C. § 6502(a)(1) states: "Length of period. Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun within 10 years after the assessment of the tax."

26 U.S.C. § 6601(g) states: "Limitation on assessment and collection. Interest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected."

26 U.S.C. § 6601(a) states: "General Rule. If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid."

**7.** During oral argument, the Fields argued that the Government's assessment and collection of the interest was improper regardless of the applicable statute of limitations because the IRS failed to mail a "notice of deficiency" to the Fields before assessing the interest. According to the Fields, the IRS is required to issue a notice of deficiency to the taxpayer,

Memorandum of Law in Support of the Government's Motion for Summary Judgment at 4–5. And under 26 U.S.C. § 6601(g), interest prescribed under that section may be assessed and collected at anytime during the period the tax to which it relates may be collected. *See id.* Finally, pursuant to 26 U.S.C. § 6601(a), where a tax is not timely paid, interest is imposed at a rate established under section 6621, and must be paid for the period from the last possible date of timely payment until the date of actual payment of the underlying tax. Thus, according to the Government, because it is undisputed that the underlying tax giving rise to the disputed interest was assessed on December 13, 1999, reading sections 6502(a)(1) and 6601(g) together, the interest may be assessed and collected anytime within ten years of December 13, 1999. *See id.* at 5–6.

and hold a deficiency proceeding, before assessing affected items that are dependent on factual determinations to be made at the individual partner level. *See* Tr. at 10–11, 14–15.

Pursuant to section 6230(a)(2)(A)(i) of the tax code, the deficiency proceeding requirements apply to, "any *deficiency* attributable to affected items which require partner level determinations...". 26 U.S.C. § 6230(a)(2)(A)(i) (emphasis added). In *White v. Commissioner*, 95 T.C. 209, 212, 1990 WL 125093 (1990), the Tax Court held that "interest" is not a "deficiency," and therefore its assessment does *not* trigger the provisions of the tax code that entitle a taxpayer to a notice of deficiency and a deficiency proceeding.

In any event, even if the IRS were required to issue a notice of deficiency, the issue is irrelevant: if the assessment of the disputed interest was timely, as the Government argues, *see infra* Part II.B, the IRS would have ample time remaining within the 10 year statute of limitations to issue the notice of deficiency; on the other hand, if the assessment was untimely, as the Fields argue, *see supra*, the IRS would no longer be able issue the notice.

## III. DISCUSSION

Regardless of whether the interest that was assessed against the Fields pursuant to section 6621(c) is described as "interest," "penalty interest," or "tax-motivated transactional interest," it is, nonetheless, interest. Section 6621 is the provision of the tax code devoted to articulating the appropriate rate of *interest* on various taxes—notably, it is titled "Determination of rate of interest." *See* 26 U.S.C. § 6621. And the subsection, now repealed, under which the interest against the Fields was assessed, read in pertinent part,

> INTEREST ON SUBSTANTIAL UN-
> DERPAYMENTS ATTRIBUTABLE
> TO TAX MOTIVATED TRANSAC-
> TIONS.—
>
> "(1) IN GENERAL.—In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the *annual rate of interest* established under this section shall be 120 percent of the adjusted rate established under subsection (b)".

26 U.S.C. § 6621(c) (repealed) (emphasis added). Moreover, the Fields incurred no *other* assessment that could properly be regarded as interest. Thus, the fact that the interest assessed against the Fields was at a higher rate than interest imposed under various other subsections of section 6621, does not change its characterization as interest.

The Second Circuit's holding that the disputed interest is an "affected item" does not take it outside the definition of "interest." The Fields have articulated no legal or factual reason, nor can I discern one, why the interest cannot be both interest

and an affected item. To the contrary, the Tax Court has explicitly indicated that interest *can* be both an affected item and interest. *See White*, 95 T.C. at 212 ("[A]dditional [former section 6621(c) ] *interest is an affected item* which requires partner level determination."). Even *Klein*, the case from the Eastern District of Michigan upon which plaintiffs so heavily rely, makes clear that *interest* assessed, pursuant to section 6621, at the increased rate of 120 percent *is an affected item*. *See Klein*, 86 F.Supp.2d at 698–99 (distinguishing between a "valuation overstatement penalty," a "negligence penalty," and "increased interest rate" assessed pursuant to section 6621, and noting that all three are "affected items").

Because the disputed assessment, though an affected item, is interest, the framework set forth in section 6502 establishing the statute of limitations for interest, applies. *See* 26 U.S.C. § 6502. It is undisputed that the assessment of the underlying tax was "made within the period of limitation properly applicable thereto." 26 U.S.C. § 6502(a)(1). Therefore, the underlying tax could be "collected by levy or by a proceeding in court, [ ] if the levy is made or the proceeding begun within 10 years after the assessment of the tax." *Id.* Pursuant to section 6601(g), the interest on that underlying tax may be "assessed and collected at any time during the period within which the tax to which such interest relates may be collected." 26 U.S.C. § 6601(g). Thus, because the underlying tax was timely assessed on December 13, 1999, it may be collected any time before December 13, 2009, and the interest on that tax may be assessed and collected any time within the same period.[8] *See* 26

---

**8.** This is the logical result. By definition, the interest *cannot* be assessed until *after* the underlying tax is assessed because it is a percentage of the underlying tax. Plaintiffs' argument that the statute of limitations for the interest ran separately under section 6501(a),

and expired well before the assessment of the underlying tax, is illogical because at the time plaintiffs claim the statute of limitations on the interest expired, the interest *could not* have been calculated.

504

U.S.C. §§ 6502(a)(1), 6601(g). The IRS's assessment of the interest was timely.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED.