David A. FIELD and Ellen J. Field, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Docket No. 03–6246–CV.

United States Court of Appeals, Second Circuit.

Argued: June 21, 2004.

Decided: Aug. 24, 2004.

Elliot I. Miller, Kleban & Samor, P.C., Southport, Connecticut, for Plaintiffs–Appellants.

Jeannette A. Vargas, Assistant U.S. Attorney (David N. Kelly, U.S. Attorney, on the brief), U.S. Attorney's Office for the Southern District of New York, New York, New York, for Defendant–Appellee.

Before: LEVAL, CABRANES, and WALLACE, Circuit Judges.*

WALLACE, Senior Circuit Judge.

David A. and Ellen J. Field (Field) appeal from a summary judgment in the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) in favor of the United States in their tax refund action under 28 U.S.C. § 1346(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

In 1980, Field purchased less than a one-percent interest in White Rim Oil and Gas Associates (White Rim), a limited partnership. White Rim's business affairs soon attracted Internal Revenue Service (IRS) scrutiny, and an ensuing audit revealed that White Rim engaged in tax-motivated transactions for the years 1980, 1981, and 1982. The IRS consequently disallowed certain items on Field's tax returns for those years, resulting in additional tax liability and interest at a rate higher than the standard one. Field paid the principal and interest after receiving notice from the IRS.

The IRS kept a watchful eye on White Rim and in 1985 informed the partnership's tax matters partner that it was auditing White Rim's tax figures for 1983. In 1986, the partner signed IRS Form 872–O to extend the statute of limitations for the assessment of 1983 income taxes against all partners. The extension afforded the IRS an additional year, after the final determination of partnership items, to assess taxes against the individual partners.

The IRS mailed a Notice of Final Partnership Administrative Adjustment in December of 1988, yet a decade elapsed before the Tax Court issued a decision in January 1999 that rendered the IRS's determination of partnership item adjustments final. Pursuant to the Tax Court decision, the IRS, on December 13, 1999, assessed additional taxes against Field in the amount of $17,368 plus $79,724.81 interest. The interest was calculated using the rate in former 26 U.S.C. § 6621(c), which applied to substantial underpayments attributable to tax-motivated transactions. At this rate, the interest grew to $87,382 by the time Field paid it and the principal in July 2000.

Field filed a claim with the IRS for a refund of the $87,382 in interest but did not contest the assessment of the underlying tax. After the claim went unanswered, Field commenced the instant action in federal district court. The district court initially dismissed the case for lack of subject matter jurisdiction under 26 U.S.C. § 7422(h), but we reversed. *See Field v. United States*, 328 F.3d 58, 59 (2d Cir. 2003) (per curiam) (*Field I*). On remand, the parties, by stipulation, narrowed the scope of the dispute to one issue, namely whether the IRS's assessment of interest accruing at the rate in former section 6621(c) (section 6621(c) interest) was timely. After the parties filed cross motions for summary judgment, the district court ruled in favor of the government on both motions, holding that the IRS timely assessed the interest against Field. *See Field v. United States*, 307 F.Supp.2d 498 (S.D.N.Y.2003).

## II.

We review the district court's determinations on the parties' summary judg-

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ment motions de novo. *Muntaqim v. Coombe*, 366 F.3d 102, 106 (2d Cir.2004). Since "the district court's disposition presents only a legal issue of statutory interpretation[,] we review *de novo* whether the district court correctly interpreted the statute." *Id.* (internal quotation marks, ellipsis, and original brackets omitted). The broad question we must answer is whether the IRS assessed the section 6621(c) interest against Field within the applicable statute of limitations. To resolve this issue requires little more than a straightforward application of several Internal Revenue Code (Code) provisions.

### A.

The first step is to determine which Code section contains the statute of limitations period relevant to section 6621(c) interest. The limitations period found in section 6601, which governs "*[i]nterest on underpayment,* nonpayment, or extensions of time for payment, of tax," 26 U.S.C. § 6601 (emphasis added), is the most logical candidate. Section 6601(g) provides that "[i]nterest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected." *Id.* § 6601(g).

The inquiry then becomes whether the section 6621(c) interest assessed against Field is "[i]nterest prescribed under … section [6601]." *Id.* There is little doubt that it is. Section 6601(a) requires taxpayers to pay interest on late tax payments. It then mandates the payment of interest on such late payments "at the underpayment rate established under section *6621.*" *Id.* § 6601(a) (emphasis added). Former section 6621(c) also unequivocally indicates that it is "[i]nterest prescribed under … section [6601]": the provision mandates that "[i]n the case of *interest payable under section 6601* with respect to any sub-

stantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section." 26 U.S.C. § 6621(c) (1988) (emphasis added); *see also White v. Comm'r*, 95 T.C. 209, 214, 1990 WL 125093 (1990) (describing the "[a]dditional interest" of section 6621(c)(1) as "the 'interest' prescribed under section 6601"). Although section 6621(c) was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101–239, § 7721(b), 103 Stat. 2106, 2399, the repeal applied only "to returns the due date for which (determined without regard to extensions) is after December 31, 1989." *Id.* § 7721(d), 103 Stat. at 2400. It thus does not affect Field's tax return for 1983, the one at issue here.

Field attempts to distinguish section 6621(c) interest from "normal interest" by labeling the former a "penalty." According to Field, since the former section 6621(c) set the interest rate at "120 percent of the underpayment rate established under this section," 26 U.S.C. § 6621(c) (1988), it is designed to punish the taxpayers to whom it applies; "normal interest," in contrast, only serves to compensate the public fisc for a loss of the use of funds. We need not address this assertion because even if Field is correct, it is irrelevant. While the interest rate in former section 6621(c) may be higher than that in other Code provisions, the Code treats section 6621(c) interest as interest nonetheless. *See White*, 95 T.C. at 214 (stating that "[s]ection 6621(c)(1) increases the rate of interest payable under section 6601" yet the "[a]dditional interest is the 'interest' prescribed under section 6601"). Field's argument therefore cannot defeat the clear direction of Congress: that interest payable at the rate established by the former 6621(c) is "[i]nterest prescribed under …

section [6601]," and thus subject to the limitations period in section 6601(g). *26 U.S.C. § 6601(g).*

A similar close reading of the Code disposes of Field's contention that section 6621(c) interest falls within 26 U.S.C. § 6229(a), rather than section 6601(g), since it is not "normal interest," but an "affected item," a term of art in partnership tax that refers to "any item to the extent such item is affected by a partnership item." *Id.* § 6231(a)(5); *see also id.* § 6231(a)(3) ("The term 'partnership item' means ... any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations ... provide that ... such item is more appropriately determined at the partnership level than at the partner level."). As section 6229(a), by its own terms, does not apply here[1], we need not decide whether section 6621(c) interest is indeed an "affected item" (nor did our prior decision rule on this issue, *see Field I,* 328 F.3d at 59 (concluding only "that the interest assessed against [Field] under former 26 U.S.C. § 6621(c) is not a partnership item")) or whether "interest" and "affected items" are mutually exclusive categories. Section 6229(a) states that

> [e]xcept as otherwise provided in this section, the period for *assessing any tax imposed by subtitle A* with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—
>
> (1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

*26 U.S.C. § 6229(a)* (emphasis added). The reference to "subtitle A" is significant. Sections 6601 and 6621(c) fall within *subtitle F,* and thus the interest prescribed under section 6601, at the rate established in section 6621(c), is not a "tax imposed by subtitle A." Because section 6229(a) does not address the limitations period for assessing interest imposed by subtitle F, it does not detract from our determination that section 6601(g) contains the statute of limitations applicable to section 6621(c) interest.

During oral argument, Field attempted to avoid this inescapable construction of section 6229(a) by asserting, for the first time, that another subsection of section 6229, subsection (g), suggests that subsection (a) "in essence ... also applies to subtitle F." Nothing in subsection (g), however, disturbs the plain meaning of subsection (a). Subsection (g), which Congress added to the Code in 1986, *see* Tax Reform Act of 1986, Pub. L. No. 99–514, § 1875(d)(1), 100 Stat. 2085, 2896, provides that

> The provisions of this section shall apply also in the case of any *addition to tax or an additional amount imposed under subchapter A of chapter 68* which arises with respect to any tax imposed under subtitle A in the same manner as if such addition or additional amount were a tax imposed by subtitle A.

*26 U.S.C. § 6229(g).* Subsection (g) thus brings only one specific part of subtitle F within section 6229's ambit: "subchapter A of chapter 68." In enacting subsection (g), Congress carefully excluded subtitle F's other provisions, including sections 6601

---

1. Of course, even if section 6229(a) did apply to the assessed interest, Field would still need to surmount the fact that section 6229(a), by its terms, does not purport to *limit* the time available to assess tax, but only to *extend* limitations otherwise applicable.

and 6621(c), which come under chapter 67, not chapter 68.

Because we hold that section 6229(a) does not apply to the assessed interest, we need not decide whether the section limits the time available to assess tax or only extends the limitations period otherwise applicable.

### B.

Having determined that section 6601(g) supplies the relevant limitations period, the next step is to apply the provision to the facts of this case. To repeat, section 6601(g) provides that "[i]nterest prescribed under this section on any tax may be assessed ánd collected at any time during the period within which the tax to which such interest relates may be collected." *Id.* § 6601(g). The collection period for the underlying tax here extends ten years from its December 1999 assessment. *See id.* § 6502(a)(1) (establishing that timely assessed "tax may be collected ... within 10 years after the assessment of the tax"); *see also* Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101–508, § 11317(a), 104 Stat. 1388, 1388–458 (extending statutory collection period initially applicable to Field's 1983 tax return from six years to ten); Omnibus Budget Reconciliation Act of 1990 § 11317(c)(1), 104 Stat. at 1388–458 (mandating that the amendment "apply to ... taxes assessed after the [November 5, 1990] date of ... enactment of this Act"). Since the IRS's assessment of interest against Field coincided with the commencement of the collection period, the assessment was no doubt timely.

█ Field nonetheless argues that the IRS's assessment was defective because the IRS never issued a notice of deficiency to commence a deficiency proceeding at the individual partner level as required by section 6230(a)(2)(A)(i). *See* 26 U.S.C. § 6230(a)(2)(A)(i) (dictating deficiency proceedings for "any deficiency attributable to ... affected items which require partner level determinations"); *id.* §§ 6212, 6213. Deficiency procedures, however, are not prerequisite to an assessment of section 6621(c) interest. Rather, section 6621(c) interest is exempt from deficiency proceedings altogether by virtue of section 6601(e). Section 6601(e) states in part that "[a]ny reference in this title (*except subchapter B of chapter 63, relating to deficiency procedures*) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." *Id.* § 6601(e)(1) (emphasis added). We agree with the Tax Court that the "parenthetical language expressly excludes interest from the definition of a 'tax' for purposes of section 6211(a)," the statutory provision in subchapter B of chapter 63 that defines "deficiency." *White,* 95 T.C. at 213. Therefore, given that "[a]dditional interest [under section 6621(c)] is the 'interest' prescribed under section 6601, with the rate of interest increased to 120 percent of the underpayment rate ..., additional interest [under section 6621(c)] is not a 'deficiency' within the meaning of section 6211(a)." *Id.* at 214; *see also Barlow v. Comm'r,* 301 F.3d 714, 722 (6th Cir.2002) (holding that section 6601(e)(1) "authorizes the Commissioner to assess and collect the interest prescribed by § 6601(a) [including interest at the rate in section 6621(c) ] on an underpayment without first issuing a notice of deficiency"); *Barton v. Comm'r,* 97 T.C. 548, 551, 1991 WL 238311 (1991) ("[S]ection 6601(e)(1) specifically excludes interest [including section 6621(c) interest] from being treated as 'tax' in deficiency proceedings."). We therefore hold that the IRS's assessment of interest against Field was valid.

### III.

█ Finally, Field cites the law-of-the-case doctrine and maintains that our

prior decision in *Field I* precluded the district court's application of section 6601(g) on remand. Nothing in our previous opinion, however, barred any portion of the district court's analysis. "The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal quotation marks and citation omitted). At most, we decided two issues in *Field I*, neither of which was relitigated on remand. First, we expressly stated that "[t]he sole issue on appeal" was "whether the district court had jurisdiction over [Field's] tax refund action." *Field I*, 328 F.3d at 59. Once we held in *Field I* that the district court had jurisdiction, the district court did not revisit the matter again. Second, we determined "that the interest assessed against [Field] under former 26 U.S.C. § 6621(c) is not a partnership item." *Id.* This limited holding has no bearing on the question whether section 6601(g) supplies the applicable statute of limitations and, if so, whether the IRS properly assessed interest within that limitations period.