UNITED STATES of America, Plaintiff–Counter–Defendant–Appellee,

v.

Charles L. CHREIN, Defendant-Counterclaimant-Cross-Defendant-Appellant,

Corinne Winter, Ross Ellis, John Does 1–10, Defendants,

220 East 57th Street Owners, Inc., 220 East 57th Street Associates, Defendants–Cross–Claimants.

No. 06–5501–cv.

United States Court of Appeals, Second Circuit.

April 22, 2008.

Charles L. Chrein, pro se, New York, NY, for Appellant.

Danna Drori, Assistant United States Attorney (Michael J. Garcia, United States Attorney, David S. Jones, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-counterclaimant-appellant Charles L. Chrein ("defendant" or "Chrein") appeals an order entered by the District Court on May 4, 2005, as amended by a stipulation and order entered on August 14, 2006, granting the motion of the Government to reduce to judgment Chrein's outstanding tax liability for eleven years (1981, 1982, 1989, 1991, 1993, 1995, 1996, 1997, 1998, 1999, and 2002) and for summary judgment on or dismissal of defendant's counterclaims. Defendant contested the timeliness of the Government's actions for the liabilities in tax years 1981, 1982, 1989, and 1991, and filed eleven counterclaims against the Government relating to the prosecution of the action by the Internal Revenue Service ("IRS"), the production of documents, and the failure to collect the taxes from his then-wife, Carol Horn Chrein ("Horn"), when she served as receiver and trustee of the marital assets. On appeal he challenges the judgment of the District Court

only insofar as it disposed of his counterclaims for abatement of taxes, interest and penalties pursuant to 28 U.S.C. § 1346(a)(1) (Counterclaims 1–3) and his claimed damages related to the IRS's failure to release his federal tax liens for tax liabilities relating to tax years 1981 and 1982 (Counterclaims 4–5). The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

We are without jurisdiction to review Chrein's appeal of the District Court's dismissal of Counterclaims 1–3. When these counterclaims were first before the District Court, it did not have jurisdiction to consider them because Chrein had not fully paid the tax liability and he was precluded from bringing the claims before the Court. *See* 28 U.S.C. § 1346(a)(1). Until such time as the District Court has considered the merits of Chrein's claims under 28 U.S.C. § 1346(a)(1), we have no jurisdiction to consider them. Chrein's payment "during the pendency of [this appeal] ... cannot cure an original jurisdictional deficiency in the complaint." *Rocovich v. United States*, 933 F.2d 991, 993 n. 4 (Fed. Cir.1991).

As to Chrein's remaining claims on appeal, regarding Counterclaims 4 and 5, we review *de novo* the District Court's grant of summary judgment on the Government's claim to reduce Chrein's tax liabilities to judgment. *See, e.g., Field v. United States*, 381 F.3d 109, 110–111 (2d Cir.2004). Chrein argues that the District Court erred in holding that the statute of limitations was tolled during the period of Horn's receivership plus six months pursuant to 26 U.S.C. § 6503(b). We conclude that Chrein has not demonstrated that he possessed any substantial assets not under the control of the New York Supreme Court that could have satisfied his liabilities, and therefore the collection limitations period was properly tolled during Horn's receivership. Chrein's reliance on *United States v. McPhilamy*, 16 B.R. 160, 162 (W.D.Va.1981) is unavailing because that case involved a bankruptcy proceeding in which the bankruptcy estate had no assets.[1] We also find no support for Chrein's contentions that the District Court erred in its calculation of the period of receivership. We find that the Government's action for all tax years was timely filed. We likewise find no basis for Chrein's contention that the IRS did not issue the Releases of Tax Lien forms in error. The statute of limitations does not bar the IRS from reinstating a tax liability abated through clerical error. *Becker v.*

---

1. To the extent certain IRS regulations relied on by Chrein apply to both bankruptcy and receivership proceedings, *see* 26 C.F.R. §§ 301.6331–1(a)(3) and 301.6871(a)–2, he is still not entitled to relief. Even if we were to engage in a formal analysis to determine whether Chrein's assets were in the control of the court where the receivership proceeding was pending, or a functional analysis to determine whether the United States was hindered in its collection efforts while the receivership proceeding was pending, *see McPhilamy*, 16 B.R. at 161, we would conclude that the time period up until March 25, 1995, when the divorce proceeding was settled, was properly tolled. The record evidence makes plain that, as receiver, Horn had control over substan-

tially all of Chrein's assets pursuant to 26 U.S.C. § 6503(b), and that it would have been difficult for the Government to collect Chrein's taxes from Horn. We similarly conclude that tolling was appropriate for the period from March 25, 1995 until April 5, 1995, the date Horn resigned her receivership. Although § 301–6331–1(a)(3) instructs that the IRS may levy taxpayers' assets in receivership if "the proceeding has progressed to such a point that the levy would not interfere with the work of the court," a levy placed on Chrein's assets before Horn's April 5th resignation would certainly have interfered with the court's orderly termination of receivership proceedings.

*IRS,* 407 F.3d 89, 97 (2d Cir.2005). Although *Becker* dealt with an IRS abatement issued pursuant to 26 U.S.C. § 6404(c), its reasoning applies with equal force to releases of liens pursuant to § 6325(a).

## CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.