

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00354-CR

**JUSTIN SHANE KING,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Freestone County, Texas
### Trial Court No. 19-036-CR

## OPINION

In one issue, appellant, Justin King, challenges his conviction for evading arrest or

detention with a motor vehicle.[1]  *See* TEX. PENAL CODE ANN. § 38.04.  Specifically, King

---

[1] The State states in its brief that King has asserted two issues—the one noted above and an ineffective-assistance-of-counsel claim.  A review of King's brief does not support this position, as King has not clearly identified a second issue involving ineffective assistance of counsel.  We therefore analyze the sole issue King has briefed on appeal—whether the trial court erred by conducting a pre-trial proceeding in his absence.

contends that the trial court erred by conducting a pre-trial proceeding in his absence. We affirm.

## I. BACKGROUND

In the instant case, King was charged by indictment with evading arrest or detention with a motor vehicle. *See id.* The indictment also included an enhancement paragraph referencing King's prior conviction for aggravated robbery.

On the morning of trial, the trial court qualified the venire panel. After doing so, the trial court directed defense counsel to present the defense motion in limine pertaining to punishment evidence.[2] King was not present in the courtroom for the hearing.[3] The attorneys briefly discussed the motion with the trial court. The State did not oppose the motion in limine. The trial court then granted the motion.

While King remained outside of the courtroom, a discussion was had between defense counsel and the trial court wherein defense counsel questioned whether King would stipulate to each paragraph in the indictment, whether King would "want to agree to anything," and whether King might possibly be disruptive in the courtroom. Defense counsel also mentioned that King "believes he can fire me and get another attorney and

---

[2] King's motion in limine only applied to the punishment phase of trial and requested that the State and its witnesses refrain from making any direct or indirect reference before the jury to matters not within their personal knowledge. The motion also requested a pre-trial determination of the relevancy and reliability of any expert testimony.

[3] It is not clear from this record as to the reason why King was not present for the hearing on his motion in limine.

delay this trial." The trial court advised that the proceedings would not be delayed any further.

The trial court and the attorneys then discussed how to handle voir dire, assuming that King would plead "guilty" to the charge. At the conclusion of this discussion, King was brought into the courtroom.[4]

The trial court discussed with King whether he intended to plead "guilty" or "not guilty," because defense counsel had indicated earlier in the morning that King intended to plead "not guilty" and insist on a jury trial. Allegedly without an opportunity to consult with counsel, King informed the trial court that he intended to plead "guilty" to the charged offense and that he desired to have a punishment hearing before the jury. Before the venire panel returned to the courtroom, the trial court again asked whether it was King's intention to plead "guilty." King confirmed that he intended to plead "guilty."

It was not until the next morning that King formally entered his plea of "guilty" to the charged offense and "true" to the enhancement allegation contained in the indictment. The jury ultimately found King guilty and assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal

---

[4] The entirety of the discussions during the hearing comprise four pages of the Reporter's Record.

Justice with a $10,000 fine. The trial court certified King's right of appeal, and this appeal followed.

## II.   ANALYSIS

Article 28.01, section 1 of the Code of Criminal Procedure provides that a defendant must be present during "any pretrial proceeding." TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1. It is undisputed that the hearing in question constituted a pre-trial proceeding within the meaning on article 28.01. *See id.* ("The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters . . . (2) Pleadings of the defendant . . . ."); *see also Sanchez v. State*, 122 S.W.3d 347, 351-52 (Tex. App.—Texarkana 2003, pet. ref'd) (noting that a pre-trial hearing is a proceeding under article 28.01 of the Code of Criminal Procedure if it is adversarial in nature, recorded or resulted in a written order, included evidence or argument, and resulted in a conclusion by the court (citing *Adanandus v. State*, 866 S.W.2d 210, 218 (Tex. Crim. App. 1993))). Because King had a statutory right to be present at the pre-trial proceeding, it was error for the trial court to conduct the hearing without him. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1.

In addition to his statutory right to be present at any pre-trial proceeding, King has a constitutional right, under the Sixth Amendment, to be present at all phases of proceedings against him when threatened with a loss of liberty. *See Fulmer v. State*, 401

S.W.3d 305, 314 (Tex. App.—San Antonio 2013, pet. ref'd) (citing *Baltierra v. State*, 586 S.W.2d 553, 556 (Tex. Crim. App. 1979)). This right guarantees the right to consult with counsel and to give advice or suggestions to counsel. *See Snyder v. Massachusetts*, 291 U.S. 87, 106, 54 S. Ct. 330, 335, 78 L. Ed. 674 (1934); *see also Baltierra*, 586 S.W.2d at 556. Again, it was error under the Sixth Amendment for the trial court to conduct the hearing without King. Therefore, we must now determine whether this error resulted in harm.

When reviewing non-constitutional error, we disregard errors, defects, irregularities, or variances that do not affect the substantial rights of the accused. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If, on the record as a whole, it appears the error did not influence the jury, or had but a slight effect, the court must conclude the error was not harmful and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In addition to the foregoing harm analysis, the Court of Criminal Appeals has also adopted the "reasonably substantial relationship" test to use when conducting a harm analysis for an article 28.01 violation. *Adanandus*, 866 S.W.2d at 219. The "reasonably substantial relationship" test focuses on the effect of the error on the advancement of the defendant's defense. *Id.* In applying this test, we must determine whether the

defendant's presence bears a reasonably substantial relationship to the opportunity to defend. *Id.*

This test is also used to determine if a defendant's right to be present under the Sixth Amendment to the United States Constitution has been violated. *Routier v. State*, 112 S.W.3d 554, 576 (Tex. Crim. App. 2003). If a constitutional violation has occurred, the case must be reversed unless the court determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a).

The federal courts have stated:

> A defendant's constitutional right to be present during certain stages of criminal proceedings is rooted in the Confrontation Clause of the Sixth Amendment and in the Due Process Clause. *United States v. Gagnon*, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 105 S. Ct. 1482 (1985) (per curiam). The Due Process Clause applies in lieu of the Sixth Amendment in situations where the defendant is not specifically confronting witnesses or evidence against him. *Id.* It requires a criminal defendant's presence "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U.S. 97, 108, 78 L. Ed. 674, 54 S. Ct. 330 (1934) (Cardozo, J.); *United States v. Rosario*, 111 F.3d 293, 298 (2d Cir. 1997).

*United States v. Jones*, 381 F.3d 112, 121-22 (2d Cir. 2004).

The Court of Criminal Appeals has also noted that a defendant's absence at a pre-trial proceeding does not bear a reasonably substantial relationship to the opportunity to defend where defendant's insight is not needed for the trial court to rule on the issues presented and where the defendant does not have any information, not available to the attorneys or the court, regarding any of the matters discussed at the proceeding. *Adanandus*, 866 S.W.2d at 220.

Similar to *Adanandus*, we cannot "envision how [the defendant's] presence [at the hearing on the motion in limine] could have furthered his defense," because there is "no evidence that appellant had any information, not available to the attorneys or the court, regarding any of the matters discussed at the meeting." *Id.* Indeed, King was represented during the hearing on the motion in limine, and defense counsel informed the trial court that King agreed to everything in the motion in limine. Further, the motion was granted without any objection from the State. Because King's presence could not have furthered his defense, his presence did not bear a reasonably substantial relationship to his opportunity to defend. *See id.*; *see also Lawton v. State*, 913 S.W.2d 542, 550 n.4 (Tex. Crim. App. 1995); *Sanchez*, 122 S.W.3d at 352-53. Therefore, although King's absence violated article 28.10 of the Code of Criminal Procedure and the Fourteenth Amendment to the United States Constitution, we conclude that the error did not have any more than a slight effect. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10; *see also* TEX. R. APP. P. 44.2(b); *Johnson*, 967 S.W.2d at 417.

Because King's absence was also constitutional error, we must also conduct a constitutional-error harm analysis. We hold the error was harmless because we conclude, beyond a reasonable doubt, that it did not affect the outcome of the trial. Although there was discussion of whether King would plead guilty on the same day as the hearing on his motion in limine, it was not until the next day that King formally entered his plea. He had sufficient time to discuss the potential ramifications of such a plea with his attorney.

The record further demonstrates that King voluntarily, knowingly, and intelligently pleaded "guilty" to the charged offense, was given the opportunity to confirm his plea, and it appears that he was properly sentenced based on the evidence presented and the applicable sentencing range. *See Adanandu*s, 866 S.W.2d at 219-220; *Lawton*, 913 S.W.2d at 550 n.4; *see also* TEX. R. APP. P. 44.2(a); *Routier*, 112 S.W.3d at 576. Accordingly, we overrule King's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice


Before Chief Justice Gray
    Justice Davis, and
    Justice Neill
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed September 23, 2020
Publish
[CR25]

